1                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
2                             EASTERN DIVISION

3   ADAM MONTJOY,                      )   Docket No. 13 C 02421
                                       )
4                   Plaintiff,         )   Chicago, Illinois
                                       )   January 7, 2016
5             v.                       )   9:48 a.m.
                                       )
6   SGT. GALLARDO, et al.,             )
                                       )
7                   Defendants.        )

8
                     TRANSCRIPT OF PROCEEDINGS - Status
9               BEFORE THE HONORABLE JOHN ROBERT BLAKEY

10
    APPEARANCES:
11

12  For the Plaintiff:    KATTEN & TEMPLE, LLP, by
                          MR. RICHARD B. KAPNICK
13                        542 South Dearborn Street
                          Suite 1400
14                        Chicago, IL 60605

15
    For the Defendants:   HONORABLE ANITA M. ALVAREZ
16                        COOK COUNTY STATE'S ATTORNEY, by
                          MR. MICHAEL J. SORICH
17                        500 Richard J. Daley Center
                          50 West Washington Street
18                        Chicago, IL 60602

19

20  Court Reporter:       LISA H. BREITER, CSR, RMR, CRR
                          Official Court Reporter
21                        219 S. Dearborn Street, Room 1728
                          Chicago, IL 60604
22                        (312) 818-6683
                          lisa_breiter@ilnd.uscourts.gov
23

24

25

1        (In open court.)

2            THE CLERK:  13 C 2421, Montjoy vs. Gallardo, et al.

3            MR. KAPNICK:  Good morning, your Honor.  Brad Kapnick

4    on behalf of the plaintiff.  I'm appointed counsel.  Thank you.

5            THE COURT:  How are you?

6            MR. KAPNICK:  Excellent.  Thank you.

7            MR. SORICH:  Good morning, Judge.  Mike Sorich,

8    S-O-R-I-C-H, Cook County assistant state's attorney on behalf

9    of the defendants.

10           THE COURT:  I see the case did not settle.  What is

11   left in terms of discovery that might need to be done?

12           MR. KAPNICK:  Well, I was going to bring that up with

13   you, your Honor.  I think there's a long docket sheet here, and

14   I've tried to sort out the history of the case.  Your Honor

15   granted fact discovery.  There was some limited document

16   production.

17           There was a fact discovery cutoff at some point

18   last -- well, I think it's Docket No. 97 says fact discovery

19   remains closed.  I don't know if the state's counsel knows

20   exactly when it was closed.

21           The last Docket Entry I found was it said 1-7 -- I

22   think it said 1-17-15, and then there was an expert discovery

23   window from I think it was 4-15-15 through 6-15-15.  The same

24   order says that counsel's appointed.

25           And the counsel, I don't know what he did, but I don't

1    think he appeared until he came and sought an oral motion to

2    withdraw or to grant leave to withdraw.  That was in July, I

3    believe.  So it was after the expert window expired.

4            The state's counsel produced an expert report, but his

5    deposition was never taken.  I believe only the plaintiff's

6    deposition was taken.  The order 97 says that -- as I said a

7    minute ago, it says that it remains closed, and then the

8    counsel was appointed.

9            I suppose your Honor's intention was that the expert

10   discovery or deposition be taken within that window, which was

11   from April to June, I believe.  So we -- you know, my client's

12   requested that we seek leave to reopen fact discovery to take

13   the depositions of the defendants and a witness who I believe

14   is incarcerated in Menard.

15           Also for the efficiency of the trial, I think it would

16   be reasonable to request that the defendants tell us who

17   they're going to call so we can be most efficient for your

18   Honor and the jury.  And the witness down I believe is in

19   Menard is a witness who corroborated the plaintiff's account

20   that it was another -- that it was he and not the plaintiff who

21   was holding a garbage can which the state contends was grounds

22   to mace him during the situation.

23           THE COURT:  How long do you propose reopening

24   discovery for, and how many depositions are you anticipating?

25           MR. KAPNICK:  I'd defer to you, your Honor.

1       THE COURT:  Well, it's your case, so I'm asking you a

2   question.

3       MR. KAPNICK:  I understand.  I'm appointed counsel.

4   I'd like -- it's January 7.  April and May.  I don't know how

5   the state's view of that is, but I would say May or June 15th.

6   And I think -- well, there's six defendants.  There's the

7   expert witness and there is this witness downstate.

8       I propose doing short depositions, probably, you know,

9   four hours in the morning or afternoon.  And I'd do them

10  back-to-back if the state wants to or back on.

11      THE COURT:  How many depositions are you anticipating?

12      MR. KAPNICK:  Six, seven, and then however many

13  witnesses they have.  Eight plus whatever witnesses they have.

14      THE COURT:  What's your position, Counsel?

15      MR. SORICH:  Judge, I certainly understand that

16  counsel has come into this case late.  We did disclose an

17  expert.  To the extent we're reopening fact discovery, I'll

18  just state an objection for the record.

19      I would note that the minute order appointing counsel

20  was for settlement assistance and trial, but I would just put

21  that out there for the Court.

22      MR. KAPNICK:  That's correct, your Honor.  I think

23  it's No. 97, but I can't remember.  I got the docket sheet

24  here.

25      THE COURT:  Have you discussed with opposing counsel

1   which depositions you need to take?

2          MR. KAPNICK:  No, not yet.  That's why if your Honor

3   thinks the formality of a motion is necessary, I'll send it --

4          THE COURT:  No, I don't.  Just a meet and confer would

5   be helpful.  I'm going to pass the case.  I'm going to ask the

6   attorneys to talk to each other for -- I have a very short

7   call, and I'm not going to hold you long.

8          But if you could just discuss and see if you can

9   streamline what depositions might be necessary between now and

10  the next phase of the case.

11         I don't anticipate giving a long discovery period.

12  This case is a 2012 -- or excuse me, a 2013 case, and I'm not

13  going to start at ground zero.  As difficult as it is, you have

14  to take the case as you find it, but that doesn't mean I'm not

15  going to give you an opportunity to take some focused discovery

16  that's necessary for you to effectively advocate on behalf of

17  your client.

18         But if you could at least discuss with the other side

19  and see if the parties can narrow the issues or at least

20  prioritize them.  And then I'll get a better sense of how long

21  I need to reopen discovery for, okay?

22         MR. KAPNICK:  Fine.

23         THE COURT:  I'll pass the case.

24         MR. SORICH:  Judge, I have a 10:00 a.m. in Judge

25  Finnegan.  May I run over there just to let her know?

1        THE COURT:  Yes, could you do that?  Do you mind,

2   Counsel?

3        MR. KAPNICK:  I do not mind.

4        THE COURT:  All right, great.  Thank you, Counsel.

5        MR. KAPNICK:  Thank you, your Honor.

6      (The Court attends to other matters.)

7        THE CLERK:  13 C 2421, Montjoy vs. Gallardo, et al.

8        MR. KAPNICK:  Why don't you present --

9        MR. SORICH:  Michael Sorich on behalf of defendants.

10       MR. KAPNICK:  Go ahead.  Do you want me to go?

11       MR. SORICH:  Well, just put your name on the record.

12       MR. KAPNICK:  Richard B. Kapnick for plaintiffs.

13       THE COURT:  How are you, Counsel?

14       MR. KAPNICK:  Thank you, your Honor.  We had a chance

15  to meet and confer, and he went up to his conference, came back

16  and we met and conferred.

17       He'll present what he thinks is agreed, and then I'll

18  agree or not agree, whatever is appropriate.

19       MR. SORICH:  Judge, our suggestion is I'm willing to

20  present the named defendants along with the expert we

21  disclosed.  They previously provided affidavits, so I would

22  think that these deps would only last an hour or two, but we're

23  in agreement that I'll present these individuals prior to trial

24  in the next few months obviously.

25       THE COURT:  All right.  Is that agreeable, Counsel?

1      MR. KAPNICK:  That's agreeable, your Honor.

2      THE COURT:  How long do you need to complete that

3   process?

4      MR. KAPNICK:  We'll do it on an expedited basis, so

5   I'll start conferring with him on Friday.

6      THE COURT:  How long do you need?

7      MR. SORICH:  I have a trial in front of Judge

8   Gottschall, which is going to be two weeks.  So if we could get

9   like 90 days to complete all that, 60 days perhaps.

10     THE COURT:  Can you do it in 60, Counsel?

11     MR. KAPNICK:  I can do it in 60 or 90, whatever your

12  Honor --

13     THE COURT:  All right.  Gloria, give me a date 60 days

14  out for completion of discovery.

15     MR. KAPNICK:  And then the witness in Menard, I really

16  believe I have to ask leave to reopen discovery to depose him.

17  We're willing to do it by videotape deposition, but we're not

18  agreed on that.  So why don't you present your position.

19     MR. SORICH:  I just think, Judge, I'm willing to

20  present the defendants.  I realize the posture of this case.  I

21  just don't think we need to reopen fact discovery.  This

22  witness has provided an affidavit, so I don't see the need in

23  going around the state reopening discovery.

24     THE COURT:  What's your proffer of what you believe

25  that witness will say?

1    MR. KAPNICK:  I couldn't hear you.

2    THE COURT:  What is your proffer of what you believe

3    that witness will say?

4    MR. KAPNICK:  That witness will testify that the

5    plaintiff was not holding a garbage can to defend himself

6    whereby the officer maced him.  He has an affidavit, your

7    Honor, and I don't -- if you want me to mark it and hand it up,

8    I will.

9    THE COURT:  Can I see that real quick?

10   MR. KAPNICK:  Yes.

11     (Document tendered to the Court.)

12   MR. KAPNICK:  The affidavit was used in summary

13   judgment motion by plaintiff.

14   THE COURT:  Counsel, when you indicated you were going

15   to produce witnesses, it was the main defendants and the

16   expert?

17   MR. SORICH:  Correct.

18   THE COURT:  What's the name of the expert?

19   MR. SORICH:  Daniel Moreci, M-O-R-E-C-I, I believe.

20   THE COURT:  Motion to reopen discovery's going to be

21   granted in part.  I'm going to permit counsel to, over the next

22   60 days to complete the depositions of the named defendants,

23   the expert Daniel Moreci and the witness Michael Steel.

24   Gloria, give me that date.  What is it, 60 days out?

25   THE CLERK:  March 8th.

1          THE COURT:  Is that good for status for the parties?

2          MR. SORICH:  That's fine, Judge.

3          THE COURT:  Is that good for us for status, Gloria?

4          THE CLERK:  At 10:00 a.m., Judge.

5          THE COURT:  Okay.  Is that good, 10:00 a.m.?

6          MR. SORICH:  Yes.

7          MR. KAPNICK:  March what, March 7th?

8          MR. SORICH:  8th.

9          THE COURT:  March 8th at 10:00 o'clock.

10         All right.  Is there anything else the Court needs to

11    address today?

12         MR. SORICH:  One other housekeeping, Judge.  Michael

13    Gallagher is on the docket.  He is no longer an ASA, and

14    actually Michael Pasquinelli is resigning from the office

15    effective tomorrow.  So I'd make an oral motion to substitute

16    and withdraw them from the docket.

17         MR. KAPNICK:  No objection, your Honor.

18         THE COURT:  That oral motion to substitute -- and

19    who's going to be named now?  You are just removing those two

20    names, right?

21         MR. SORICH:  We are removing those two names.  Myself

22    and another ASA Scott Golden, who is in the courtroom, recently

23    filed our appearances in this.

24         THE COURT:  All right.  So we're taking Mike off and

25    who else?

1          MR. SORICH:  Both Mikes, Mike Gallagher and Mike

2     Pasquinelli.

3          THE COURT:  All right.  That motion will be granted

4     without objection.  Okay.  Thank you, Counsel.

5          MR. SORICH:  Thanks.

6          MR. KAPNICK:  Thank you, your Honor.

7          THE COURT:  Thank you.

8       (Concluded at 10:13 a.m.)

9                    * * * * * * * * * *

10                    C E R T I F I C A T E

11     I certify that the foregoing is a correct transcript of the

12     record of proceedings in the above-entitled matter.

13

14     */s/ LISA H. BREITER*                    *January 7, 2016*
       LISA H. BREITER, CSR, RMR, CRR
15     Official Court Reporter

16

17

18

19

20

21

22

23

24

25